UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OWEN W. RHODES, JR., et al.,

    Plaintiffs,

v.                                                                                  CASE NO: 8:06-cv-17-T-23MSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **ORDER**

The plaintiffs move (Doc. 17) to strike as insufficient several affirmative defenses from the answer.  The affirmative defenses neither prejudice the plaintiff nor warrant the remedy of striking a portion of the pleading.  Wright & Miller, Federal Practice and Procedure: Civil § 1381 (West 2004); Stewart Title Guar. Co. v. Title Dynamics, Inc., No.2:04CV316FTN-33SPC, 2005 WL 1593364 at *1 (M.D. Fla. Jun 30, 2005) ("Motions to strike are generally disfavored and will usually be denied 'unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'"); Reyher v. Trans World Airlines, Inc., 881 F.Supp 574, 576 (M.D. Fla. 1995) ("An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove.").

- 2 -

Likewise, the defendant's answer is not so ambiguous that the plaintiff cannot respond. The answer's affirmative defenses meet the notice pleading requirements of the Federal Rules of Civil Procedure. <u>Business Radio, Inc. v. Reim Wireless Corp.</u>, 373 F.Supp. 2d 1317, 1319 (M.D. Fla. 2005).

Accordingly, the plaintiff's motion (Doc. 17) to strike is **DENIED**.

ORDERED in Tampa, Florida, on May 4, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE