UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OWEN W. RHODES, JR.,

    Plaintiff,

v.                                                                          CASE NO: 8:06-cv-17-T-23MSS

UNITED STATES OF AMERICA,

    Defendant,
_____/

**ORDER**

Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 (2006), Owen W. Rhodes, Jr. ("Rhodes"),[1] sues the United States of America (the "United States") for medical malpractice and failure to obtain informed consent. Rhodes alleges that he suffered severe disfigurement of his eye as a result of negligence by the medical staff at the Veteran's Administration Hospital (the "VA") in Bay Pines, Florida, and that his physician failed to adequately apprise him of the risks of surgery. The United States moves (Doc. 49) to dismiss for lack of subject matter jurisdiction that portion of the amended complaint alleging that the VA's medical staff failed to obtain Rhodes's informed consent for his eye surgery. Pursuant to 28 U.S.C. § 2675(a), the United States argues that Rhodes's failure in his administrative claim to sufficiently present the VA with the issue of informed consent divests this court of subject matter

---

[1] An October 30, 2006, order (Doc. 36) granted Rhodes's unopposed motion (Doc. 34) to drop Melissa Rhodes as a plaintiff in this case.

jurisdiction over Rhodes's informed consent claim.  Rhodes opposes (Doc. 52) the motion.

The United States files its motion after the February 16, 2007, dispositive motion deadline established by the Magistrate Judge's January 5, 2007, order (Doc. 42).[2] Rhodes objects that "[t]he time for dispositive motions . . . has come and gone" but reluctantly concedes that "the issue of subject matter jurisdiction may be brought to the Court's attention at any time" (Doc. 52 at 4).  The United States' right to partial dismissal of the complaint after the dispositive motion deadline hinges on whether a plaintiff's failure to adequately exhaust administrative remedies under the FTCA properly deprives the court of subject matter jurisdiction over the claim.

Pertinent precedent holds that the FTCA creates a limited waiver of the United States' sovereign immunity, which waiver is conditioned explicitly on the plaintiff's first resorting to the administrative remedy under the FTCA.  If a plaintiff fails to resort to the administrative remedy, the United States' sovereign immunity remains in effect and adjudication of the plaintiff's claims remains outside the district court's "subject matter jurisdiction."  <u>Barnett v. Okeechobee Hospital</u>, 283 F.3d 1232, 1237 (11th Cir. 2002) (holding that dismissal of a complaint under FTCA for failure to exhaust administrative remedies must be "pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and not pursuant to 12(b)(6), because the administrative notice requirement of 28

---

[2] This court's January 8, 2007, order (Doc. 43) denied the parties' joint motion (Doc. 41) to extend the dispositive motion deadline.  A subsequent February 26, 2007, endorsed order (Doc. 46) granted the United States' unopposed motion (Doc. 45) to continue (by one month) the dates for the pre-trial conference and trial but effected no change of the February 16, 2007, dispositive motion deadline.  Even if the endorsed order (Doc. 46) is construed as permitting a one-month extension of the dispositive motion deadline (from February 16, 2007, to March 16, 2007), the United States' March 20, 2007, motion to dismiss (Doc. 49) remains delinquent.

U.S.C. § 2765 'is jurisdictional and cannot be waived'"); Burchfield v. United States, 168 F.3d 1252, 1254 (11th Cir. 1999) ("A district court only has jurisdiction over an FTCA action if the plaintiff has met section 2675(a)'s requirements."); Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983) ("The claims procedure under 28 U.S.C. § 2675(a) is jurisdictional.").[3]

Because the United States moves (Doc. 49) pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, the motion may be brought "at any time," the motion deadline notwithstanding. See Cochran v. U.S. Health Care Financing Administration, 291 F.3d 775, 778 n.3 (11th Cir. 2002) (holding that "lack of subject matter jurisdiction may be raised at any time"). Before a plaintiff may commence a suit for money damages against the United States, 28 U.S.C. § 2675(a) requires a prospective plaintiff to provide

---

[3] The view that a statutory, pre-suit administrative notice confers subject matter jurisdiction rather than satisfies a condition precedent to suit is not universally held. See, e.g., Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 93-95 (1990) (holding that a Title VII plaintiff's failure to comply with the statutory limitations on a waiver of sovereign immunity is not an incurable jurisdictional defect); Frey v. EPA, 270 F.3d 1129, 1135 (7th Cir. 2001) (suggesting that the pre-suit requirement of 28 U.S.C. § 2675(a) is "an aspect of the statutory right to relief, rather than of the court's jurisdiction."); United States v. Cook County, 167 F.3d 381, 388-89 (7th Cir. 1999) (holding that the United States could not collaterally attack an earlier judgment based on a lack of waiver of sovereign immunity); Fouche v. Jekyll Island State Park Authority, 713 F.2d 1518, 1524 (11th Cir. 1983) (holding that an administrative exhaustion requirement under Title VII is a "condition precedent to suit rather than a jurisdictional requirement"). The view that failure to resort to an administrative remedy precludes subject matter jurisdiction stands athwart sound and familiar principles that define the term "subject matter jurisdiction." Only the statutes and the Constitution expand (or contract) subject matter jurisdiction. Subject matter jurisdiction exists before a party approaches the court with a pleading and the identical subject matter jurisdiction remains after a party's action concludes. A party's pleading may invoke (or not, if defective) the court's subject matter jurisdiction but a court's subject matter jurisdiction exists independently from the content of a pleading. A pleading may aspire to invoke the subject matter jurisdiction of a court but a pleading cannot alter the subject matter jurisdiction that a court enjoys. "'Jurisdiction of the subject-matter of an action is a power to adjudge concerning the general question involved therein, and is not dependent upon the state of facts which may appear in a particular case, or the ultimate existence of a good cause of action in the plaintiff therein.'" Parker Bros. v. Fagan, 68 F.2d 616, 618 (5th Cir. 1934) (quoting Malone v. Meres, 109 So. 677, 727 (Fla. 1926)). The notion that a federal district court lacks subject matter jurisdiction over a claim pursuant to the Federal Tort Claims Act startles the informed observer, as would the notion that a federal district court lacked subject matter jurisdiction in a Title VII case or a federal income tax refund suit.

the administrative agency with notice and an opportunity to resolve the dispute without litigation:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.  The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a).  A claim is presented if "a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."  28 C.F.R. § 14.2(a) (2006).

Before initiating this lawsuit and within the statutory deadline, Rhodes filed a Standard Form 95 administrative claim with the VA pursuant to 28 U.S.C. § 2675.  A copy of the claim is attached to the United States' motion (Doc. 49-2).  Asked to provide the "Date and Day of Accident," Rhodes answered "7/23/02" (Doc. 49-2).  Asked to describe the basis of his claim, Rhodes stated:

> Medical malpractice in the performance of surgery on my eyes, resulting in severe scarring.  Attached are medical records, photographs of myself immediately after surgery and currently, and records of consults with three plastic surgeons[,] which state further surgery is (1) risky & (2) will probably only improve my position by 50% at best.

(Doc. 49-2). Rhodes designated $500,000.00 as the amount of his damages. Asked to state the nature and extent of his injury, Rhodes answered:

> [S]evere scaring [sic] above each eyebrow. Of which no guarantees by any plastic surgeon that they can repair them and return my face to normal. See pictures, and civillian [sic] doctors['] opinion. Not to mention the psychological impact.

(Doc. 49-2). On July 8, 2005, the VA denied Rhodes's claim (Doc. 9 at ¶ 14). Rhodes subsequently brought this action against the United States for failure to provide informed consent and medical malpractice.

Moving to dismiss, the United States argues that Rhodes's administrative claim failed to sufficiently notify the VA about Rhodes's informed consent claim to allow the VA to properly investigate (Doc. 49 at 4). An administrative claim satisfies 28 U.S.C. § 2675(a) by providing the appropriate agency with notice "sufficient to enable the agency to investigate," but a claimant need not recite "every possible theory of recovery" or "every factual detail that might be relevant." Burchfield v. United States, 168 F.3d 1252, 1255 (11th Cir. 1999). The amount of information required is "minimal." Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980).[4]  "An agency cannot use an overly technical reading of the language of a claim as a reason to turn a blind eye to facts that become obvious when it investigates the alleged events." Burchfield, 615 F.2d at 1256.

Although Rhodes's administrative claim failed to recite each factual element required to allege a lack of informed consent, "[a]n administrative agency is deemed to

---

[4] Any decision by the former Fifth Circuit issued before October 1, 1981, is binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

be on notice not only of the theories of recovery stated in the claim, but of the theories of recovery that its reasonable investigation of the specific allegations of the claim should reveal." Burchfield, 615 F.2d at 1255 (citing Rise v. United States, 630 F.2d 1068 (5th Cir. 1980)).  Rhodes's administrative claim expressly directed the agency's investigators to his "medical records" and "photographs" (Doc. 49-2).  A reasonably thorough investigation of the incident should have uncovered pertinent information in the VA's possession concerning informed consent, including (for example) Rhodes's signed consent form (Doc. 52-2 at 3-4).  Also, Rhodes's administrative claim stated "7/23/02" as the "Date and Day of Accident" (Doc. 49-2).  Although Rhodes's surgery occurred on July 29, 2002, Rhodes signed his consent form (Doc. 52-2 at 3-4) and met with his surgeon on July 23, 2002, the date provided in Rhodes's administrative claim. "All that is required is that the theory put forward in the complaint filed in the district court be based on the facts that are stated in the administrative claim." Burchfield, 615 F.2d at 1256.

Rhodes complaint depends in part on the events of July 23, 2002, a fact included in Rhodes's notice to the VA.  Because Rhodes's administrative claim sufficiently notified the VA that Rhodes might allege claims arising from events on July 23, 2002, as well as events on July 29, 2002, the day of his surgery, the United States' motion to dismiss (Doc. 49) is **DENIED.**

ORDERED in Tampa, Florida, on April 18, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE